UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

METROPOLITAN LIFE INSURANCE COMPANY,

　　　　Plaintiff,

vs.

JENNIFER MEYER, JERRY VAN INWEGEN a/k/a JERRY SANDERSON a/k/a JERRY SANDERS, MICHAEL VAN INWEGEN, AND NICOLE VAN INWEGEN,

　　　　Defendant,

2:10-cv-1959-GMN-RJJ

REPORT & RECOMMENDATION
OF UNITED STATES
MAGISTRATE JUDGE

　　　　This matter came before the court originally as an interpleader action brought by Metropolitan Life Insurance Company. The court granted the interpleader of the funds into the Registry of the Court. Order (#21). Thereafter, the court held a conference which was attended by claimants, Michael Van Inwegen, Jennifer Meyer and Nicole Van Inwegen. Based on the pleadings and presentation, as well as other evidence referenced herein, the court makes the following findings:

　　　　1.　　Defendant, Jerry Van Inwegen a/k/a Jerry Sanderson a/k/a Jerry Sanders ("Jerry Wan Inwegen") is the surviving son of Debra Van Inwegen (the Decedent") and his whereabouts is unknown.

　　　　2.　　Defendant, Michael Van Inwegen is a surviving step-son of the Decedent, and he resides in Puyallup, Washington.

3. Defendant, Jennifer Meyer is a surviving step-daughter of the Decedent, and she resides in Keller, Texas.

4. Defendant Nicole Van Inwegen is a surviving step-daughter of the Decedent, and she resides in Atwater, California.

5. This Court has original jurisdiction over this action pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1355, because two or more adverse claimants of diverse citizenship are claiming entitlement to life insurance benefits in Plaintiff's custody the value of which exceeds $500.

6. The Decedent, Debra Van Inwegen was an employee of AFA Veteran Benefits Association and had life insurance coverage under a group policy issued by MetLife.

7. The Certificate of Insurance establishes, at page 47, the right of an insured to name his or her beneficiary, and states that benefits will be paid to the beneficiary. A true and correct copy of the Certificate of Insurance (the "Certificate") is attached as Exhibit A to the First Amended Complaint in Interpleader (#4).

8. The latest beneficiary designation form on file for the Decedent is dated May 25, 2010, and names Jerry Van Inwegen for 70% of the life insurance benefits, and Michael Van Inwegen and Jennifer Meyer for 10% each of the life insurance benefits. A true and correct copy of the May 25, 2010, beneficiary designation form is attached as Exhibit B to the First Amended Complaint in Interpleader (#4).

9. The prior beneficiary designation form on file for the Decedent is dated March 13, 2006, and names Michael Van Inwegen for 34% of the life insurance benefits and Jennifer Meyer and Nicole Van Inwegen for 33% each of the life insurance benefits. A true and correct copy of the March 13, 2006, beneficiary designation form is attached as Exhibit C to the First Amended Complaint in interpleader (#4).

10. The decedent died on June 11, 2010.

11. At the time of her death, the Decedent was enrolled for life insurance coverage in the total amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000) (the "Life Insurance Benefits"). The Life Insurance Benefits became payable to the proper beneficiary upon the Decedent's death, pursuant to the terms of the Certificate.

12. Defendant/claimant known as Jerry Sanderson has not appeared in the case, although he has been served with the Summons and Complaint (#6), as well as noticed for all court hearings herein.

13. Defendant/claimant known as Jerry Sanderson has been charged with multiple felony counts of Forgery, Theft, Exploitation of Elderly Person, and Insurance Fraud by the State of Nevada.  See, Henderson Justice Court docket, case number 11CRH1478-001 attached hereto as Exhibit A.  On October 17, 2011, a bench warrant was issued for Jerry D. Sanderson in that criminal case.  The charges arise out of the apparently fraudulent Beneficiary Designation that gave rise to this interpleader action.  See Beneficiary Designation attached as Exhibit B to first Amended Complaint in Interpleader (#4).

14. The other defendants in this action have requested a judgment in their favor and against Jerry Sanderson.

15. Defendant/claimant know as Jerry Sanderson has been totally unresponsive to the court in this case.  Further, his failure to respond or to take any action, coupled with his absconder status in the related criminal case, leads the court to find that the May 25, 2010,  Beneficiary Designation [Exhibit B attached to the First Amended Complaint in Interpleader (#4)] awarding 70% of the insurance proceeds to him is invalid.

16. The Beneficiary Designation dated March 13, 2006, attached as Exhibit C to the First Amended Complaint in Interpleader (#4) is deemed valid.

**RECOMMENDATION**

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the proceeds

of the insurance policy, plus interest, currently held in the Registry of the Court be distributed in accordance with the Beneficiary Designation as follows:

1. Michael Van Inwegen for 34% of the life insurance benefits;
2. Jennifer Meyer for 33% of the life insurance benefits; and
3. Nicole Van Inwegen for 33% of the life insurance benefits.

DATED this  30th  day of December, 2011.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge

# EXHIBIT A